UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 02-60478-CIV-JORDAN

| | |
|---|---|
| ALEXANDER S. ORENSHTEYN | ) |
| Plaintiff, | ) |
| vs. | ) |
| CITRIX SYSTEMS, INC. | ) |
| Defendant | ) |

**ORDER AWARDING FEES AND COSTS TO CITRIX SYSTEMS**

Mr. Orenshteyn filed this action against Citrix Systems for patent infringement. I granted summary judgment against Mr. Orenshteyn, concluding that the undisputed evidence established that there was no infringement. Citrix subsequently filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure against Mr. Orenshteyn and his counsel, David Fink, Esq., and Timothy W. Johnson, Esq., of Fink & Johnson, arguing that neither Mr. Orenshteyn nor his counsel conducted a reasonable pre-filing investigation before filing this action. Citrix also filed a motion for attorneys' fees and expenses against Mr. Orenshteyn pursuant to 35 U.S.C. § 285, against Fink & Johnson pursuant to 28 U.S.C. § 1927, and against Mr. Orenshteyn and Fink & Johnson pursuant to the court's inherent powers.

I found that Mr. Orenshteyn was liable to Citrix for sanctions only under Rule 11 and that his counsel were liable under both Rule 11 and 28 U.S.C. § 1927. I referred Citrix's motion for sanctions to Magistrate Judge Torres for a report and recommendation on the amount of sanctions. Judge Torres recommended a sanction of $755,663.17.

Pending are Mr. Orenshteyn's objections to the report and recommendation. Mr. Orenshteyn argues, in essence, that Judge Torres erroneously assumed that Citrix was entitled to recover all reasonable fees and costs incurred in this action. Upon *de novo* review, I adopt the report and recommendation in its entirety and GRANT Citrix's motion for fees and costs [D.E. 183] IN PART. A sanction of $755,663.17 - approximately $300,000 less than the fees and costs actually incurred by Citrix in this action - is a reasonable amount to deter any future violation of the pre-filing ethical obligations. *See Baker v. Alderman*, 158 F.3d 516, 528 (11th Cir. 1998) ("[i]n determining the

amount of sanctions . . . deterrence remains the touchstone of the Rule 11 inquiry"). Given Mr. Orenshteyn's and his counsel's financial ability and the amount of resources that Citrix had to expend in defending this frivolous action, any lesser sanction would not be a deterrent. *See id.* at 530 (court "*must* consider financial ability in the award of sanctions").

Mr. Orenshteyn correctly points out that different standards apply to the determination of the amount of sanctions under Rule 11 and under § 1927. I, however, find that a $755,663.17 sanction is appropriate under Rule 11, irrespective of § 1927. As such, any distinction in the applicable standard has no legal significance in this case. *Accord Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007) (when a district court issues sanctions based on multiple sources, the reviewing court need only find that sanctions were permissible under at least one source).

I also reject Mr. Orenshteyn's argument that Magistrate Judge Torres failed to consider that Citrix unnecessarily delayed this action. Even if Mr. Orenshteyn were correct, I conclude that the $755,663.17 award accurately reflects the appropriate sanction here based on the conduct of all the parties, including the conduct of Citrix and its lawyers.

Further, because the recommended sanction is warranted under Rule 11, independently from § 1927, I also adopt the recommendation that Mr. Orenshteyn and his counsel are jointly and severally responsible for the full sanction.

Accordingly, Citrix is awarded a total of $755,663.17 in sanctions against Alexander Orenshteyn, David Fink, and Timothy W. Johnson, of Fink & Johnson jointly and severally, for which let execution issue.

DONE and ORDERED in chambers in Miami, Florida, this 28th day of April, 2008.

/s/ Adalberto Jordan
Adalberto Jordan
United States District Judge

Copy to:   All counsel of record
           Alexander S. Orenshteyn, 55 Adams St., Westborough, MA 01581