UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 02-60478  CV-JORDAN/BRO

ALEXANDER S. ORENSHTEYN    )
        Plaintiff,    )
  v.    )
    )
CITRIX SYSTEMS, INC.    )
        Defendant    )
_____)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND[1] FINAL JUDGEMENT

Plaintiff hereby opposes Defendant's Motion to Amend Final Judgement which is an improper motion for reconsideration presented as "A Motion to Amend Pursuant to Federal Rule of Civil Procedure 60(a)."  Rule 60(a) does not provide for the substantive relief sought in Defendant's motion.

Citrix's request that the Court amend the Final Judgment (DE 372) to include the word "invalidity" would be properly brought under FRCP 60(a), but such a change is unnecessary. The remainder of the relief sought in Citrix's Motion is improper under FRCP 60(a) and incorrect.

### RELIEF IS NOT WARRANTED

Amending the Final Judgement is unnecessary because the Final Judgement properly sets forth the determination of the District Court.[2]  The District Court has found that Claim 1 of the

---

[1] It should be noted that Rule 60 does not allow for "amendment of judgements," it only allows for correction of clerical error.

[2] Plaintiff does not concede that the determination of invalidity is correct, nor does Plaintiff concede that the basis for the finding or the application of law is correct, Plaintiff simply maintains that DE 372 needs no clerical correction.

-1-

'942 patent is not infringed because an invalid claim cannot be infringed.  The Final Judgement [DE372] properly reflects this finding and the issue of invalidity has been properly appealed. Plaintiff has appealed this Final Judgement [DE 372] and the underlying Order on Summary Judgement [DE 371] which sets forth the basis for the Court's Ruling on invalidity.  There is no ambiguity as to the Court's ruling and thus no "Clerical Mistakes; Oversights or Omissions" to be corrected under Rule 60(a):

> Rule 60. Relief from Judgment or Order
>     (a) Corrections Based on Clerical Mistakes; Oversights and Omissions.
> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Further, Citrix's motion is untimely, as it was filed on March 21, three days after Plaintiff filed its Notice of Appeal on March 18th.   Therefore, Citrix must seek and obtain leave of the United States Court of Appeals for the Federal Circuit.  Citrix has not sought leave of the appellate court as required by Rule 60(a).

### CITRIX SEEKS SUBSTANTIVE RELIEF NOT CORRECTION

FRCP Rule 60(a) does not allow for "amendment of judgements," it only allows for correction of clerical error.  Although Citrix's motion seeks substantive relief in the form of vacating the summary judgement, Citrix has not even moved to correct the summary judgement. Citrix has moved only for correction of DE 372, the Final Judgement, under Rule 60(a).  Citrix has not even moved to correct DE 371, the Summary Judgement.  *See Citrix motion page 1:* "Citrix respectfully requests, therefore, that the Court amend its Final Judgment [DE372] to be consistent with its summary judgment ruling [DE 371]."   The final Judgement is already

consistent with the summary judgement, Claim 1 of the '942 patent and only claim 1 of the '942 patent was held invalid. Without vacating the Summary Judgment [DE 371], no additional claims can be addressed in the Final Judgement [DE 372]

Citrix asserts that the Order Granting Summary Judgement (DE 371) "is unclear" and does not address Citrix's counterclaims. There is nothing unclear about the District Court's Order. Citrix's request is not a request to correct an "unclear" clerical error, it is a motion for reconsideration to seek substantive relief. It is a motion to set aside the decision of the District Court which clearly sets forth the sole dispositive issue before the Court for determination:

> "As explained below, only Claim 1 of the '942 patent is currently in dispute."
>         (DE 371, page 1, line 7)

and

> ". . . the Federal Circuit remanded Claim 1 of the '942 patent, allowing me to consider whether it survived Citrix's invalidation argument. *See Orenshteyn v. Citrix Sys.*, 341 F. App'x 621, 628 (Fed. Cir. 2009).
>         (DE 371, page 2, line 27-29)

and

> "The remaining question before me is whether prior art invalidates Claim 1 of the '942 patent"
>         (DE 371, page 4, line 12)

Citrix's request that the District Court reach a different determination, (i.e. that more than claim 1 of the '942 patent is in dispute) is a request to vacate the Summary Judgement [DE371] and issue a new determination. This is not correction of a clerical error.

There is no uncertainty nor ambiguity as to the disposition of the counter-claim by the District Court. The dismissal of the counter claim was proper and the Summary Judgement was correct in excluding all but claim 1 of the '942 patent. Citrix's counterclaims were dismissed in 2003 [DE 168 & 169]. The dismissal was confirmed by Citrix in September 19, 2008 [DE 291], stating that its counter-claims were "dismissed without prejudice" and again confirmed by the

District Court in October 2008 [DE294] "Citrix's counterclaims were dismissed without prejudice."

Dismissed without prejudice means without prejudice to reinstate. However, Citrix has never moved to reinstate the counterclaims and the District Court never reinstated the counterclaims, thus they do not need to be addressed for the entry of final judgement to be proper. There are no pending counterclaims.

## Procedural History

The Court dismissed without prejudice Citrix's counterclaims for declaratory judgment. (DE168; 169 and 294). The counterclaims were not on appeal to the Federal Circuit.

The Federal Circuit remanded only a single patent claim to the District Court for determination of validity on remand. Determination of the validity of Claim 1 of the '942 patent was thus dispositive of the issues before the District Court.

> "As explained below, only Claim 1 of the '942 patent is currently in dispute."
> (DE 371, page 1)

Citrix has filed no motion to reinstate the now abandoned counterclaims. Although Citrix alleges that an oral motion was made at the hearing on summary judgement (a fact which is not before the Court on evidence), such a motion would have been untimely if made, coming after briefing, during oral argument. Further, even if the Court had considered the untimely alleged oral request of Citrix, clearly the District Court has denied that request, evidenced by the Order on Summary Judgement [DE371], which properly determined that only Claim 1 was at issue before the Court.

## CONCLUSION

There are no clerical errors to correct.

Citrix's request for substantive relief improperly sought under Rule 60(a) should be denied as improper.

Citrix's request for substantive relief should be denied because the District Court was correct in limiting its consideration to claim 1 of the '942 patent.

Citrix's request for a judgement on its dismissed counterclaims should be denied.

Citrix's request to vacate the Court's Order on Summary Judgement [DE 371] should be denied.

The Court should deny all relief requested.  This matter is properly on appeal before the Court of Appeals for the Federal Circuit.

                                                    Respectfully Submitted;

Date:  April 7, 2011    /s/ Joseph J. Zito
Joseph J. Zito
ZITO tlp
1250 Connecticut Avenue, NW
Suite 200
Washington, DC 20036
(202) 466-3500

 /s/ Barry Oliver Chase
Barry Oliver Chase PA
21 SE First Avenue, Suite 700
Miami, FL 33131
305-373-7665
Fax: 373-7668

Attorneys for:
ALEXANDER S. ORENSHTEYN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 02-60478  CV-JORDAN/BRO

| | |
|---|---|
| ALEXANDER S. ORENSHTEYN | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITRIX SYSTEMS, INC. | ) |
|     Defendant. | ) |
| _____ | ) |

CERTIFICATE OF SERVICE

    I hereby certify that on this April 7th, 2011, I electronically filed the foregoing Plaintiff's Opposition to Defendants Motion to Amend Final Judgement with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                  Respectfully Submitted;

Date:  April 7, 2011                       /s/ Joseph J. Zito
                                                                                Joseph J. Zito
                                                                                ZITO tlp
                                                                                1250 Connecticut Avenue, NW
                                                                                Suite 200
                                                                                Washington, DC 20036
                                                                                (202) 466-3500

                                                                                Attorneys for:
                                                                                ALEXANDER S. ORENSHTEYN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-60478 CV-JORDAN/BRO

ALEXANDER S. ORENSHTEYN            )
    Plaintiff,                                )
                                                    )
v.                                                  )
                                                    )
CITRIX SYSTEMS, INC.                    )
    Defendant.                             )
                                                    )
_____)

SERVICE LIST

Counsel served by ECF

| | |
|---|---|
| J. Raul Cosio | Douglas J. Kline |
| Holland & Knight | Goodwin Procter |
| 701 Brickell Avenue | Exchange Place |
| Suite 3000 | 53 State Street |
| Miami, FL 33131 | Boston, MA 02109 |
| 305-374-8500 | 617-570-1209 |
| Fax: 789-7799 | dkline@goodwinprocter.com |
| Email: raul.cosio@hklaw.com | Attorneys for Citrix Systems, Inc. |
| Attorneys for Citrix Systems, Inc. | |

Sanctioned Parties served by First Class Mail and e-mail:

| | |
|---|---|
| David Fink | Timothy W. Johnson |
| 7519 Apache Plume | 2000 Bering Dr., Suite 700 |
| Houston, TX 77071 | Houston, TX 77057 |
| Tel: (713) 729-4991 | Tel: (713) 358-4228 |
| Email: texascowboy6(a).gmail.com | Email: timwj2005@gmai1.com |

-7-